IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01489-ZLW
(Removal from County Court, Arapahoe County, State of Colorado, GMAC Mortgage
Corp. v. Paris Case No. 06C10722)

KEITH PARIS,

  Petitioner (Defendant below)

v.

GMAC MORTGAGE CORPORATION,

  Respondent (Plaintiff below).

---

## AMENDED ORDER FOR SUMMARY REMAND

---

Subsequent to the summary remand entered in this Court on September 20, 2006, Petitioner Keith Paris filed with the Court a "Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) Regarding This Court's Order of September 22, 2006." Respondent also filed a " Motion to Amend Order for Summary Remand," on September 22, 2006. Mr. Paris then filed a Response to Respondent's Motion to Amend on October 2, 2006, and Respondent filed a Reply on October 12, 2006. Mr. Paris also filed a Traverse on October 23, 2006. Upon review of all the documents, the Court concludes that Petitioner is attempting to remove to this Court an eviction action, Case No. 06C10722, as opposed to the Colo. R. Civ. P. 120 proceeding, Case No. 2006CV417, that authorized the public trustee to sell the property at 19371 East Eldorado Drive, Aurora, Colorado, 80013.

In Petitioner's Rule 59(e) Motion and in his Response to Respondent's Motion to Amend, Petitioner argues that pursuant to 28 U.S.C. § 1446(b) he has filed the removal of the eviction proceeding in a timely manner. He also has attached to the Rule 59(e) Motion what appears to be copies of all process, pleadings, and orders that have been served on Petitioner in Case No. 06C10722, the eviction proceeding. Petitioner further asserts jurisdiction by this Court under 28 U.S.C. §§ 1331, 1441(a), (b), and (c), and 1443.

Nonetheless, Petitioner's contentions as to why the eviction proceeding should be removed to this court are based on determinations made in Case No. 2006-CV-000417, the Rule 120 proceeding that determined a default exists in the promissory note on the property at 19371 Eldorado Drive and an authorized sale of the property should be granted. The Rule 120 proceeding no longer is a pending case in a state court.

To the extent Petitioner is attempting to remove the eviction proceeding to this Court, he fails to assert diversity jurisdiction as required under 28 U.S.C. § 1441(a). Mr. Paris does not indicate in any of his filings the amount in controversy. The Court notes, however, that in the Public Trustee's Certificate of Purchase attached to Mr. Paris's Rule 59(e) Motion, the Public Trustee certifies that the deed of trust recorded in Arapahoe County on November 16, 2004, shows that the original principal of the deed of trust of the property from which Mr. Paris is being evicted is $169,600.00. The Certificate of Purchase further indicates that the property was sold to GMAC Mortgage Corporation for $197,216.48. If, however, the Court were to consider the value of the property at $212,000, which is the value Petitioner places on the property and lists on

Page Three in the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, the difference from the deed of trust of $169,600.00 to the assumed value of $212,000.00 does not equate to the $75,000.00 amount in controversy required for this Court to have original jurisdiction in a diversity case.

Even if Mr. Paris were to claim an amount of controversy of $75,000 or more, under 28 U.S.C. § 1441(b) he fails to assert proper diversity jurisdiction for a removal case. Under § 1441(b) diversity jurisdiction in a removal case is defined narrower than in a case that originally is filed in federal court by a plaintiff. *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1991). In a removal case, if any one of the defendants is a citizen of the state where the action sought to be removed is filed a defendant may not remove to federal court on the basis of diversity. *Id.* Mr. Paris therefore may not remove the instant action to this Court.

Furthermore, to the extent Mr. Paris is attempting to remove the state eviction as a claim or right arising under the Constitution, treaties or laws of the United States pursuant to § 1441(b), the eviction proceeding contains no question arising under federal law. As for § 1441(c), the Court finds no basis for removal under this paragraph.

With respect to Mr. Paris's assertion that he seeks removal pursuant to § 1443, the Court finds that he fails to meet the requirements as set forth in 28 U.S.C. § 1443(1) for removing his eviction proceeding from a state court. Section 1443 does authorize the removal to federal court of certain civil rights cases. However, the two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).

"First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' " *Johnson*, 421 U.S. at 219 (quoting § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2$^d$ ed. 1985).

Mr. Paris simply asserts that he is an African-American, a member of a protected class, and that he did not and can not receive the protections of the Constitution in state court. Mr. Paris does not state how his civil rights, as they pertain to racial equality, would be denied in state court in the instant action that is in question. Therefore, Petitioner does not meet the requirements as set forth under § 1443(1).

The Court also notes that removal pursuant to 28 U.S.C. § 1443(2) is not appropriate in this action. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of*

4

*Greenwood*, 384 U.S. at 824. Mr. Paris does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Nonetheless as was stated above, Mr. Paris seeks to remove the eviction proceeding based on findings made in Case No. 2006-CV-000417, the Rule 120 proceeding, in which the state court found that a default existed in the promissory note on the property at 19371 Eldorado Drive and that an authorized sale should be granted. In accordance with the court docket sheet that Mr. Paris attached to the Notice of Removal, the Rule 120 proceeding that authorized the sale of the 19371 Eldorado Drive property was final prior to the date Mr. Paris filed the Notice of Removal. Any claim Mr. Paris seeks to raise in this Court regarding the findings in the Rule 120 proceeding are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. **See *District of Columbia Court of Appeals v. Feldman*,** 460 U.S. 462, 486 (1983); ***Rooker v. Fidelity Trust Co.*,** 263 U.S. 413, 415-16 (1923). Accordingly, it is

ORDERED that the Order for Summary Remand entered on September 20, 2006, is vacated. It is

FURTHER ORDERED that based on new clarifying information provided by both parties to this action, concerning the removal of Case No. 06C10722, the instant action is remanded summarily to the County Court of Arapahoe County, State of Colorado, for the reasons stated in the Order. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Court for the County Court of Arapahoe County, State of Colorado, 1760 West Littleton Blvd., Littleton, CO 80120 and to the Clerk of the Court for the Arapahoe County District Court, 7325 South Potomac Street, Centennial, CO 80112. It is

FURTHER ORDERED that Petitioner's "Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) Regarding this Court's Order of September 20, 2006," filed September 22, 2006, is denied. It is

FURTHER ORDERED that Respondent's Motion to Amend Order for Summary Remand, filed September 22, 2006, is denied as moot.

DATED at Denver, Colorado, this __1__ day of __Nov.__, 2006.

BY THE COURT:

_/s/ Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01489-BNB

Keith Paris
19371 East Eldorado Avenue
Aurora, CO 80013

Clerk of the Court - Certified
County Court of Arapahoe County
State of Colorado
1760 W. Littleton Blvd
Littleton, CO 80120

Clerk of The Court - Certified
Arapahoe County District Court
7325 S. Potomac St.
Centennial, CO 80112

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11-2-06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk