IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01489-ZLW
(Removal from County Court, Arapahoe County, State of Colorado, GMAC Mortgage Corp. v. Paris Case No. 06C10722)

KEITH PARIS,

    Petitioner (Defendant below),

v.

GMAC MORTGAGE CORPORATION,

    Respondent (Plaintiff below).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

On November 13, 2006, Petitioner Keith Paris filed a *pro se* Motion pursuant to Fed. R. Civ. P. 59(e) requesting that the Court reconsider the November 2, 2006, Amended Order for Summary Remand. The Court must construe the Motion liberally because Mr. Paris is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Paris filed the Motion within ten days after the Amended Order of Summary Remand. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore as suggested

by Petitioner, the Court will consider the Motion as a Motion to Reconsider filed pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court summarily remanded the action to the County Court of Arapahoe County, State of Colorado, for the reasons stated in the Court's November 2, 2006, Order. Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Paris fails to demonstrate some reason why the Court should reconsider and vacate the order to remand this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Paris does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that Petitioner's Motion to Reconsider, filed on November 13, 2006, is denied.

DATED at Denver, Colorado, this 17 day of Nov., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01489-BNB

Keith Paris
19371 East Eldorado Avenue
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/06

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk